UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASTO VILLALBA SANDOVAL,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, et al.,<br>Respondents. | Case No. 5:26-cv-04493-SSC<br><br>MEMORANDUM AND ORDER GRANTING UNOPPOSED HABEAS PETITION |

On August 10, 2026, Petitioner Casto Villalba Sandoval filed this counseled petition for writ of habeas corpus by a person in federal custody pursuant to 28 U.S.C. § 2241. (ECF 1.) Petitioner is a noncitizen currently in immigration detention in Adelanto, California. (*Id.* at 2.)

The petition alleges the following facts.[1] Petitioner has been living in the United States since 1997. (*Id.*) Petitioner, who is charged with having entered the United States without inspection, is in ongoing removal proceedings in which he is seeking relief in the form of cancellation of removal under 8 U.S.C. § 1229b. (*Id.*) On January 15,

[1] Because Respondents have provided no information about Petitioner, all facts contained herein are taken directly from the petition unless otherwise noted.

2026, Petitioner was detained during a targeted operation of another individual. (*Id.*)

Petitioner has had three bond hearings. (*Id.*) At the first hearing on May 1, 2026, bond was denied because the immigration judge found no jurisdiction. (*Id.* at 2, 6; ECF 1-2 at 8–9.) The second was ordered by this Court in granting a group petition in *Mendiola v. Mullin*, No. 5:26-cv-02460-SSC, Dkt. No. 12 (C.D. Cal. May 18, 2026) based on the petitioner's membership in the *Maldonado Bautista* bond-eligible class. The hearing occurred on May 21, 2026, and bond was denied based on a finding that Petitioner was a flight risk, seemingly based, in part, on Petitioner's three convictions for driving under the influence. (ECF 1 at 2, 6–7; ECF 1-2 at 11–16, 17–18.) The third hearing, a bond hearing pursuant to *Rodriguez v. Robbins*, 804 F.3d 1060 (9th Cir. 2015), was scheduled for July 20, 2026, did not take place as the immigration judge denied bond in light of the May 21, 2026 bond hearing at which Respondents met their burden and bond was denied. (ECF 1 at 2, 8; ECF 1-2 at 148–49.) Petitioner appealed the third bond denial to the Board of Immigration Appeals (BIA) and the appeal is currently pending. (ECF 1 at 2, 8; ECF 1-2 at 151.)

Petitioner argues that his detention violates the Fourth Amendment, Fifth Amendment due process, and the Administrative Procedure Act. (*Id.* at 3, 13–24.) Petitioner also argues that the immigration judge failed to properly apply the factors under *Matter of Guerra*, 24 I & N Dec. 37, 40 (BIA 2006), in denying bond. (*Id.* at 21–22.) Petitioner seeks immediate release from custody and to enjoin

Respondents from re-detaining Petitioner without a pre-detention hearing.[2] (*Id.* at 24.)

Respondents filed an answer to the petition stating that "Respondents are not presenting an opposition argument to the habeas petition at this time." (ECF 6 at 2.) Petitioner filed a notice of Respondents' non-opposition and request for immediate ruling.[3] (ECF 8.) The Court thus construes the relief requested in the § 2241 petition as unopposed.[4]

---

[2] Petitioner also seek attorney's fees and costs under the Equal Access to Justice Act (EAJA). (ECF 1 at 25.) To recover prevailing-party fees under the EAJA, counsel must file a separate motion for such fees within thirty days of final judgment in the action. *See* 28 U.S.C. § 2412(d); *Perez-Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002). The Supreme Court recently granted certiorari to decide if the EAJA applies to an action seeking a writ of habeas corpus to challenge civil immigration detention. *See Palacios v. Liggins*, No. 25-1223, 2026 WL 1855057, at *1 (U.S. June 29, 2026).

[3] This case was initially assigned to another judge but was transferred to this Court yesterday as a related case.

[4] "In our adversarial system of adjudication, we follow the principle of party presentation" meaning that "in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (citation modified). Further, "as a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *Id.* at 375–76 (citation modified).

**ORDER**

For the reasons set forth above, **IT IS ORDERED** that Judgment shall be entered (1) granting the unopposed petition; (2) ordering Respondents to immediately release Petitioner **Casto Villalba Sandoval (A# 221-462-326)** from immigration custody under conditions of supervision found to be appropriate by the decisionmaker.

DATED: August 20, 2026

HONORABLE STEPHANIE S. CHRISTENSEN
UNITED STATES MAGISTRATE JUDGE